# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                         Case No. 09-81315-WRS
                                                              Chapter 13
BOBBY L. EDWARDS,

    Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for hearing on the Trustee's Objection to Claim No. 15 of Mitchell Gavin (Doc. 26), on July 13, 2010. For the reasons set forth below, the Trustee's objection is sustained and the claim is disallowed.

## I. FACTS

Mitchell Gavin is a lawyer who claims that the Debtor is indebted to him for unpaid attorney's fees for services rendered prior to the bankruptcy filing. (Claim No. 15). Gavin brought suit against the Debtor in the Circuit Court for Tallapoosa County, Alabama, in an effort to collect his unpaid fees. The Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on August 18, 2009, while the suit in Tallapoosa County was still pending. Shortly thereafter, notice of the bankruptcy filing as well as notice of the claims bar date was sent to all creditors listed in the mailing matrix. (Doc. 6). The claims bar date in this case was January 5, 2010. Gavin was listed in the mailing matrix, however, his mailing address was incorrectly listed as P.O. Box 2, rather than P.O. Box 248. (Doc. 1).[1] Gavin states that he did not receive notice of the claims bar date, however, he concedes that he was served with a

---

[1] When a debtor files a petition in bankruptcy, he must file a list containing the names and addresses of all creditors. Rule 1007(a), Fed. R. Bankr., P.; LBR 1007-1. This list is referred to as a mailing matrix and it is used by the Court to mail notices to creditors and parties in interest.

"Suggestion in Bankruptcy," by Debtor's counsel shortly after the bankruptcy petition was filed. The Suggestion of Bankruptcy advised Gavin as to the bankruptcy filing and provided the name of the Court in which the Debtor had filed and the case number.

On October 14, 2009, Gavin prepared a Proof of Claim and mailed it to Chapter 13 Trustee Curtis C. Reding. Gavin's cover letter stated as follows: "Dear Mr. Reding: Please find enclosed the following document in connection with the above referenced individual: 1. Proof of Claim. If you have any questions, please do not hesitate to contact me." The Trustee does not have any record of having received that letter. Gavin subsequently learned that his Proof of Claim had not been filed and filed another copy of his claim with the Clerk of the Bankruptcy Court on February 22, 2010. (Claim No. 15). The Trustee filed an objection to claim on May 17, 2010. (Doc. 26). Gavin filed a response on May 21, 2010. (Doc. 27).

The claims bar date in this case was January 5, 2010. (Doc. 6). However, Gavin's claim was not filed with the Clerk of this Court until February 22, 2010. (Claim No. 15). Gavin states that he mailed a copy of his Proof of Claim to Chapter 13 Trustee Curtis C. Reding on October 14, 2009. (Doc. 27). However, the Trustee has no record of having received it. The Trustee filed an objection to Gavin's claim which was heard on July 13, 2010. (Doc. 26).

## II. LAW

This Court has jurisdiction to hear this contested matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). This is a final order.

The Court will divide its discussion here into three parts. First, it will review the pertinent Bankruptcy Code provisions and the pertinent Rules as they relate to the filing of proofs

of claims. Second, the Court will consider whether Gavin's failure to receive official notice extends the bar date where actual notice of the bankruptcy proceeding is timely given. Third, the Court will consider whether Gavin's act of sending a proof of claim to the Chapter 13 Trustee, who has no record of having received it, satisfies the requirement to file a proof of claim with the Court.

### A. The General Rules Governing the Filing of Claims

A creditor who hopes to be paid from a bankruptcy estate must file a Proof of Claim. 11 U.S.C. § 501. Once a proof of claim is filed, it is deemed allowed unless a party in interest objects. 11 U.S.C. § 501. Unless extended by the Court, a Proof of Claim must be filed not later than 90 days after the meeting of creditors. Rule 3002(c), Fed. R. Bankr. P. Claims which are filed late are subject to being disallowed. 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002, provides as follows:

> (a) Necessity for filing
>
> An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
>
> (b) Place of filing
>
> A proof of claim or interest shall be filed in accordance with Rule 5005.
>
> (c) Time for filing
>
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the

first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit, other than for a claim resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

(6) If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by

>not more than 60 days if the court finds that the notice was insufficient
>under the circumstances to give the creditor a reasonable time to file a
>proof of claim.

Thus, the plain language of the rule provides that claims in cases under Chapter 13, such as the case at bar, must be filed within 90 days of the first date set for the meeting of creditors. The rule further provides six exceptions, none of which are pertinent here.

The filing and allowance of claims of creditors are central to the operation of a Bankruptcy Court. A claims bar date provides a bright line so that the Trustee and the Debtor may proceed with the administration of a case. The case at bar is a Chapter 13 Bankruptcy in which the Debtor has proposed a Plan which provides for a 100% distribution to unsecured claims. In a case such as this, it cannot be determined how much the Debtor must pay, or indeed whether a Chapter 13 case is feasible unless all of the claims have been filed. A claims bar date provides certainty and allows the Court to go forward with the administration of a case. This same bright line which provides the necessary certainty can operate a hardship upon creditors. The Bankruptcy Rules provide relief for creditors who fail to file within the claims bar date only in a few narrowly defined circumstances. Rule 3002(c), Fed. R. Bankr. P. Moreover, the catchall provision of Rule 9006, which allows relief from certain deadlines upon a showing of excusable neglect, is not available to extend the claims bar date in cases under Chapters 7, 12 and 13. See, In re Thomas, 181 B.R. 674, 675-76 (Bankr. S.D. Ga. 1995)(concluding that the excusable neglect provision of Bankruptcy Rule 9006(b) does not apply). It is against the backdrop of strictly enforcing the claims bar date that the Court will consider Gavin's arguments here.

**B. The failure to receive "official notice" does not relieve the
creditor of his obligation to timely file a proof of claim where,
as here, he has actual notice of the bankruptcy filing**.

The Bankruptcy Rules are clear on the point that creditors are to be mailed notice of the claims bar date. Rule 2002(a)(7). Debtors are required to file a list of his creditors, including their addresses, so that the Clerk may meet his obligations under Rule 2002(a). 11 U.S.C. § 521(a); see also, Official Form 6, Schedule F. In addition, this Court's local rules require that the Debtors file a mailing matrix, to assist in the process of giving notice. Local Bankruptcy Rule (LBR) 1002-1(1)(b). This elaborate system went for naught when the Debtor made a typographical error in preparing his mailing matrix, resulting in Gavin's failure to receive official notice of the bankruptcy filing from the Court.

With exceptions not relevant here, tardily-filed claims in cases under Chapter 13, are disallowed. 11 U.S.C. § 502(b)(9). It is significant to note that the Bankruptcy Code does not condition denial of a tardily-filed proof of claim upon the Court having sent the creditor official notice of the bankruptcy filing. Id. There is a wealth of case law that provides debtors relief where a creditor is not provided any notice of the bankruptcy filing, however, the courts do not grant relief to creditors who were not given official notice where the creditor has actual knowledge of a bankruptcy filing. Byrd v. Alton (In re Alton), 837 F.2d 457, 459 (11th Cir. 1988)(denying motion to extend complaint bar date where creditor had actual knowledge of bankruptcy filing, notwithstanding defective notice from bankruptcy court); In re Robinson Foundry, 347 B.R. 781, 785 (Bankr. M.D. Ala. 2006)(disallowing claim in Chapter 11 case where creditor had actual knowledge of bankruptcy filing); In re Thomas, 181 B.R. 674 (Bankr.

-6-

S.D. Ga. 1995)(denying late-filed proof of claim where creditor had notice, finding that six enumerated exceptions of Bankruptcy Rule 3002(c) were exclusive); In re Hamilton, 179 B.R. 749, 753 (Bankr. S.D. Ga. 1995)(denying motion to file tardy claim in case under Chapter 13 even though creditor did not have notice, suggesting however that the debt may not discharge); see also, Biscayne 21 Condominium Assoc., Inc., v. South Atlantic Fin. Corp. (In re South Atlantaic Fin. Corp.), 767 F.2d 814 (11th Cir. 1985)(disallowing late-filed proof of claim in case under Chapter 11 by creditor with notice of bankruptcy filing).

While neither the Code nor the Rules make any specific provision relieving a creditor who does not receive official notice, the courts have provided relief where notice was found to be inadequate. In City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 73 S.Ct. 299 (1953), notice of the claims bar date was given only by publication. As the names and addresses of creditors were known, the Court found that service by publication was not "reasonable notice" as called for by Section 77(c)(8) of the 1898 Bankruptcy Act. Gavin does not cite any authority for the proposition that lack of official notice is sufficient to provide relief from the claims bar date where, as here, the creditor has actual knowledge of the bankruptcy filing. As this was a case under Chapter 13, it follows that the claims bar date was 60 days after the date set for the Section 341 meeting of creditors.[2] In this case, Gavin prepared a proof of claim and mailed it to the Trustee well within the time allotted for filing proofs of claim. As there is no basis under either the Bankruptcy Code or the Rules for an extension of the claims bar date where official

---

[2] In Chapter 7 cases where there do not appear to be assets, no claims bar date is set. In the event the Trustee locates assets from which a distribution may be made, a 90-day notice of the claims bar date is sent to creditors. Rule 3002(c)(5). In cases under Chapter 11, a claims bar date is set by the Court. Rule 3003(c)(3).

-7-

notice is not given, but the creditor has actual knowledge, the Court will not relieve the creditor from operation of the claims bar date.

### C. Timely mailing to the Trustee does not constitute timely filing where the proof of claim is not filed with the Clerk

In this case Gavin timely prepared and mailed a proof of claim to the Chapter 13 Trustee. The question becomes, whether this is sufficient to constitute a filed proof of claim in Bankruptcy Court. Bankruptcy Rule 5005 governs the filings of papers with the Court, which provides, in part, as follows:

(a) Filing.

(1) Place of filing. The lists, schedules, statements, proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, shall be filed with the clerk in the district where the case under the Code is pending. The judge of that court may permit the papers to be filed with the judge, in which event the filing date shall be noted thereon, and they shall be forthwith transmitted to the clerk. The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices.

(2) Filing by electronic means. A court may by local rule permit or require documents to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.

* * *

(c) Error in filing or transmittal. A paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee,

-8-

a bankruptcy judge, a district judge, the clerk of the bankruptcy appellate panel, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. A paper intended to be transmitted to the United States trustee but erroneously delivered to the clerk, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, the clerk of the bankruptcy appellate panel, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the United States trustee. In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery.

To begin, a proof of claim should be filed with the Clerk of the Bankruptcy Court. Most claims are now filed electronically, which is a big improvement over filing paper through the mail. First, the possibility of a proof of claim not being filed because it is lost in the mail, misaddressed or returned for insufficient postage is eliminated. In the days of paper filing, lawyers would frequently mail an extra copy of the proof of claim with a return envelope. Receipt of a file-stamped copy was proof that the claim was filed. With electronic filing, proof of filing is given immediately. If there is any doubt as to whether a filing was made, the creditor may access PACER and, with a few keystrokes, view the Court's claims register. An additional click of the mouse will permit the creditor to view an image of his proof of claim.

This Court's Local Rules requires that proofs of claim be electronically filed by institutional creditors, but permits creditors who file fewer than 25 Proofs of Claim per year to file paper. LBR 3002-2. Gavin is such a creditor, the question here becomes whether mailing to the Trustee constitutes good filing pursuant to Bankruptcy Rule 5005(c). As the Trustee said he did not receive the claim, the question becomes whether the Court will apply the "mailbox rule" in situations such as this. By mailbox rule, this Court means either one of the two following

rules: (1) that mailing a paper is filing; or (2) that proof of mailing gives rise to a rebuttable presumption that the paper was filed.

Neither the United States Supreme Court nor the United States Court of Appeals for the Eleventh Circuit has ruled on whether the mailbox rule applies to a proof of claim filed in bankruptcy court. However, other courts have split. Some courts have rejected the "mailbox rule" insisting that a proof of claim actually be filed with the Clerk. Chrysler Motors Corporation v. Schneiderman, 940 F.2d 911, 913-15 (3rd Cir. 1991); In re Wallace, 277 B.R. 351 (Bankr. N.D. Ohio 2001); In re 50-Off Stores, Inc., 220 B.R. 897, 905-06 (Bankr. W.D. Tex. 1998). On the other hand, some courts have accepted the "mailbox rule." In re Nimz Transportation, Inc., 505 F.2d 177 (7th Cir. 1974); (holding that timely mailing raises a rebuttable presumption of filing); In re Graham, 290 BR. 424 (Bankr. N.D. Ga. 2003); In re Pyle, 201 B.R. 547 (Bankr. E.D. Cal. 1996); In re Kero-Sun, Inc., 63 B.R. 50 (Bankr. D. Conn. 1986).

This Court is of the view that the ruling handed down by the Third Circuit in Chrysler Motors v. Schneiderman is the better-reasoned decision. First, had the draftsmen of the Bankruptcy Rules intended to give rise to an elaborate presumption upon mailing, they could have easily done so. Second, application of the mailbox rule to the filing of proofs of claim creates uncertainty, making the administration of bankruptcy cases slower and more difficult. As the Third Circuit stated in Schneiderman, :

> If we adopted the rebuttable presumption rule we would greatly complicate bankruptcy administration, as it would be uncertain in many cases whether a scheduled creditor failed to file a proof of claim because of an oversight or because it was abandoning its claim. We also point out that a creditor can protect itself with minimal expense through the use of certified mail with a return

-10-

> receipt requested when filed a proof of claim or, if convenient, can
> provide for manual filing across the counter in the clerk's office.
> Furthermore, a rebuttable presumption rule would easily permit a
> creditor which failed to file a proof of claim to fabricate evidence,
> not easily disprovable, that it had been properly mailed.[3]

Chrysler Motors Corp. v. Schnedierman, 940 F.2d 911, 914-15.

Some courts who have adopted the mailbox rule noted that Chrysler Motors Corp. v. Schnedierman was a large Chapter 11 case and argued that smaller cases would not pose as serious an administrative problem. This Court disagrees. Courts which have a large number of small cases would be saddled with administrative burdens at least as onerous as those present in large cases. In Chapter 13 cases, such as the case at bar, the trustee begins to make disbursements to creditors shortly after confirmation of the Plan. The disbursements continue for the life of plan, which is often five years. If claims are a moving target, rather than a fixed and known quantity, administration of Chapter 13 cases would become untenable. The burden on creditors to timely file their claims with the Clerk is minimal. If claims become a moving target, plans would in some cases have to be amended and in other cases, if the claim was large enough, make the case infeasible, requiring dismissal of the case, upsetting the reasonable expectations of both debtors who had relied upon the claims bar date and creditors, who had complied with the rules, only to be frustrated by late claims.

---

[3] The Third Circuit took care in Schneiderman to state that it was not questioning the integrity of counsel. Note 4. So it is here. The Court does not question the integrity of counsel here. However, it is important to observe, as a policy matter, that adopting the mailbox rule would open the door for fraud.

-11-

## III. CONCLUSION

For the reasons set forth above, the Trustee's objection to claim is SUSTAINED. The plain language of Rule 3003 as well as policy considerations favoring ease of administration mandate this result. The application of bar dates necessarily works hardships in some instances, however, bar dates create certainty and made the efficient administration of bankruptcy cases possible.

Done this 23rd day of September, 2010.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles G. Reynolds Jr., Attorney for Debtor
   Mitchell E. Gavin, Esq.
   Curtis C. Reding, Trustee